IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| GIA M. HUGHES-SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:13cv1048 (JCC/TRJ) |
| | ) |
| CROWN LINEN SERVICE, INC., | ) |
| and | ) |
| TIMOTHY ALAN SETZER | ) |
| Defendants. | ) |

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Gia Hughes-Smith's ("Plaintiff") Motion for Reconsideration of the Court's Order Dated February 20, 2014, [Dkt. 26], and Defendants Crown Linen Service, Inc. and Timothy Setzer's (collectively "Defendants") Motion to Strike Opposition, [Dkt. 27]. For the following reasons, the Court will deny Plaintiff's Motion for Reconsideration and grant Defendants' Motion to Strike.

### **I. Background**

Plaintiff has filed this action under the Fair Labor Standards Act ("FLSA"), alleging that Defendants, her former employer and manager respectively, failed to properly compensate her for the hours she worked. (Compl. [Dkt. 1] at 1.) In

1

brief, Plaintiff claims that Defendants unilaterally altered her time records to reflect a lunch break when she "consistently worked through her ½ hour lunch period," and "Defendants did not pay her at either her straight or overtime rate for any of these ½ hour periods." (*Id.* at 3.)

On January 29, 2014, Defendants filed a Motion for Summary Judgment seeking dismissal of Plaintiff's Complaint in its entirety. [Dkt. 17.] This motion was served on Plaintiff's counsel that same day, and pursuant to Local Civil Rule 7(F) and Rule 6(d) of the Federal Rules of Civil Procedure, the deadline for any opposition was set for February 12, 2014.

At 2:43 PM on February 12, 2014, Plaintiff filed a Motion for Extension of Time to File Response/Reply. [Dkt. 20.] Plaintiff's motion requested a "one day extension of time" to file her opposition to Defendant's Motion for Summary Judgment. (First Mot. for Extension of Time at 1.) As grounds for the request, Plaintiff represented that "additional time may facilitate resolution of this matter." (*Id.*) Plaintiff further represented that Defendants did not oppose this request. (*Id.*)

Given the inclement weather approaching the area on February 12, the Court contacted Plaintiff's counsel and informed him that his request for an extension was unlikely to be addressed that afternoon. The Court advised counsel to file

2

an opposition as soon as practicable and his extension motion would be addressed when possible.

On February 14, 2014, one day after Plaintiff's opposition would have been due with the first extension, Plaintiff's counsel filed a Second Motion for a One Day Extension of Time.  [Dkt. 21.]  Counsel represented that "inclement weather has rendered a meeting between Plaintiff and her counsel difficult or impossible, and that additional time may facilitate resolution of this matter."  (Second Mot. for Extension of Time at 1.)  Making matters more confusing, the final line of Plaintiff's motion asked for an alternative deadline of "Thursday, February 18, 2014," a date that does not exist since February 18 fell on a Tuesday.  (*Id.*)

The extension period requested by Plaintiff in her second motion came and went with no opposition brief filed. Defendants, in the meantime, filed an opposition to Plaintiff's second motion for an extension.  (Def. Opp'n [Dkt. 22] at 1.) Interpreting Plaintiff's statement that "additional time may facilitate resolution of this matter" to be a representation that an extension would be useful for settlement purposes, Defendants submitted evidence that neither side had engaged in settlement talks.  (*Id.* at 2.)  Defendants also presented an email showing that the real reason for Plaintiff's motion was counsel's busy trial schedule.  (*Id.* at 2-3.)

3

On February 20, 2014, the Court denied Plaintiff's extension requests. (Mem. Op. [Dkt. 23] at 4-5.) Citing the evidence submitted by Defendants, the Court concluded that there were no settlement discussions and "Plaintiff's second request for an extension of time based upon [counsel's] trial calendar" was insufficient. (*Id.* at 4.)

Within hours of the Court's ruling above, Plaintiff's counsel filed the instant Motion for Reconsideration along with a Response to Defendants' Motion for Summary Judgment. [Dkt. 25.] In the Motion for Reconsideration, Plaintiff's counsel contends that the extension requests were never intended to convey that settlement talks were ongoing. (Mot. for Recons. at 1-2.) Rather, counsel maintains that his statement that "additional time may facilitate resolution of this matter" was "to the possibility that the case might be resolved through a voluntary dismissal if, when he met with [Plaintiff], [she] was unable to adequately explain" Defendants' position. (*Id.* at 2.) In counsel's own words:

> The undersigned counsel represented in Plaintiff's requests for enlargement of time within which to file her response to Defendants' Motion for Summary Judgment that an enlargement of time may "facilitated resolution of this matter." That was a true statement. The background for that statement was counsel's repeated efforts to meet with Plaintiff to prepare an affidavit or declaration in opposition to Defendants' Motion, and his inability to meet with her

4

> until the evening of Tuesday, February 19, due to her reported illness and issues related to her employment and the inclement weather. Cousel's trial schedule, as described in more detail below, was also a factor in his difficulties in meeting with Plaintiff[.] Counsel was uncertain that Plaintiff could produce an affidavit or declaration disputing Defendants' Listing of Undisputed Facts, and he could not be certain that she would be able to do so until he could meet with her and review with her timecards and timesheets that she had prepared during the course of her employment with Defendants, records that only she could adequately explain. . . . In fact, counsel was anticipating that when he was able to meet with Plaintiff, he would be seeking to explain to her the necessity for a voluntary dismissal. In seeking extensions of time, counsel did not believe that it would be in Plaintiff's interest to expressly reveal that a voluntary dismissal was likely until he was certain that she could not dispute Defendants' Undisputed Facts. Counsel did not intend to represent that the parties were engaged in settlement discussions.

(*Id.* at 1-2.) Counsel concludes that his difficulties contacting Plaintiff combined with his trial schedule constitute excusable neglect sufficient to warrant the belated response. (*Id.* at 3.)

On February 21, 2014, Defendants filed their Motion to Strike Plaintiff's Response, arguing that the Court has already ruled Plaintiff's opposition untimely, and that counsel's additional arguments in support of his need for a late filing are insufficient. (Defs.' Mem. in Supp. of Mot. to Strike [Dkt. 28] at 1-2.)

5

Plaintiff's Motion for Reconsideration and Defendants' Motion to Strike are now before the Court.

## II. Analysis

The Court will first address Plaintiff's Motion for Reconsideration.  As noted above, Plaintiff's counsel requests the Court to reconsider its prior ruling regarding his bid for an extension of time and argues that his trial schedule and inability to meet with Plaintiff constitutes good cause to excuse the tardiness of Plaintiff's opposition.  (Mot. for Recons. at 1-2.)  The Court disagrees.

Rule 6(b) of the Federal Rules of Civil Procedure provides that a "court may, for good cause, extend the time" by which "an act may or must be done."  Fed. R. Civ. P. 6(b).  This Rule also provides that "after the time has expired," as it unquestionably had in this case, such extensions of time can only be granted by the court "on motion . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  "Excusable neglect comprises both a demonstration of good faith by the moving party and a reasonable basis for noncompliance with the specified time period." *Eagle Fire, Inc. v. Eagle Integrated Controls, Inc.,* No. 3:06cv264, 2006 WL 1720681, at *4 (E.D. Va. June 20, 2006) (citation omitted). Excusable neglect "is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.,*

6

*Inc.*, 76 F.3d 530, 534 (4th Cir. 1996). Whether neglect is excusable is an equitable determination that requires the Court to consider "'all relevant circumstances surrounding the party's omission,' including 'the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Bredell v. Kempthorne*, 290 F. App'x 564, 565 (4th Cir. 2008) (citation omitted).

Even considering the additional arguments now advanced by Plaintiff's counsel, which the Court is under no obligation to do, *see, e.g., Bullabough v. Watson,* No. 3:11-cv-639-RJC, 2012 WL 664943, at *1 (W.D.N.C. Feb. 29, 2012) ("[T]he decision whether to reconsider or modify an interlocutory order is a matter within the discretion of the Court[.]" (citation omitted)), excusable neglect is absent. Counsel had fourteen days to contact Plaintiff and discuss an appropriate response to Defendants' Motion for Summary Judgment. Counsel's vague reference to Plaintiff's work schedule and ill-health cannot possibly account for the apparent absence of communication during this entire period. (*See* Mot. for Recons. at 1-2.) Indeed, it is worth noting that counsel's brief is devoid of any thorough explanation for why he was unable to discuss this

7

matter with Plaintiff by phone or what other arrangements he sought to ensure timely compliance with the deadlines in this case. (*Id.*)

In any event, the prudent course of action when counsel encountered difficulty would have been to file a motion several days before Plaintiff's opposition became due. Instead, counsel waited until the eleventh-hour to file his first request for an extension of time and then followed it up with a second extension request. Counsel then missed the extended deadline that *he himself proposed* by several days since Plaintiff's opposition was not filed until February 20, 2014. (*See* Pl.'s Resp. to Mot. for Summ. J. at 7.) Considering counsel's disclosed trial schedule, it appears that he made a deliberate decision to wait until the last minute to address this matter and then became overborne with work. While the Court is cognizant of the scheduling pressures often put on members of the bar, counsel's conduct in this case is not excusable neglect. *See Young v. City of Palm Bay,* 358 F.3d 859, 864 (11th Cir. 2004) ("Counsel must take responsibility for the obligations to which he committed and get the work done by the deadline," while "[a] district court must be able to exercise its managerial power to maintain control over its docket."). Because the Court still finds no excusable neglect, Plaintiff's Motion for Reconsideration will be denied.

With Plaintiff having failed to establish excusable neglect, Defendants' Motion to Strike will be granted. *See, e.g., Thorpe v. Mechanicsville Concrete, LLC,* No. 3:10-CV-797, 2012 WL 1028592, at *3 n.10 (E.D. Va. Mar. 26, 2012) (refusing to consider untimely opposition to summary judgment); *Lufti v. United States,* No. 1:09-cv-1114 (AJT/IDD), 2011 WL 1226030, at *2 (E.D. Va. Mar. 28, 2011) ("If a defendant fails to request an extension of time or enlargement and fails to show good cause, such untimely submissions will not be considered by the Court." (citations omitted)); *M. Shanken Commc'ns, Inc. v. Variant Events, LLC,* No. 3:10-CV-804, 2011 WL 2078007, at *7 (E.D. Va. May 25, 2011) ("Because Plaintiffs have not shown excusable neglect for the untimely filing, the Motion to Strike is GRANTED[.]").  Plaintiff's Response to Defendants' Motion for Summary Judgment will be stricken from the record.

### III. Conclusion

For the reasons stated above, the Court will deny Plaintiff's Motion for Reconsideration and grant Defendants' Motion to Strike.  An appropriate order will follow.

|  | /s/ |
|---|---|
| February 26, 2014 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |