IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| GIA M. HUGHES-SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:13cv1048 (JCC/TRJ) |
| | ) |
| CROWN LINEN SERVICE, INC., | ) |
| | ) |
| and | ) |
| | ) |
| TIMOTHY ALAN SETZER | ) |
| | ) |
| Defendants. | ) |

## **M E M O R A N D U M   O P I N I O N**

This case is before the Court on Defendants Crown Linen Service, Inc. and Timothy Setzer's (collectively "Defendants") Motion for Summary Judgment.  [Dkt. 17.]  For the following reasons, the Court will grant Defendants' motion.

### **I. Background**[1]

Defendant Crown Linen Service, Inc. ("Crown") is a New Hampshire corporation that provides restroom services and supplies to a variety of businesses through its facility in Manassas, Virginia.  (Defs.' Summ. J. Mem. [Dkt. 18] at 1.)

---

[1]  As discussed in the Court's Memorandum Opinion dated February 26, 2014, [Dkt. 29], Plaintiff failed to file a timely response to Defendants' motion. Accordingly, the facts set forth in Defendants' brief and the attached exhibits are deemed admitted for purposes of this matter.  *See, e.g., Bon Supermarket & Deli v. United States,* 87 F. Supp. 2d 593, 600 (E.D. Va. 2000).

1

Plaintiff Gia Hughes-Smith ("Plaintiff") worked for Crown from May 2009 through December 2012. (*Id.* at 2.) Plaintiff was primarily responsible for handling Crown's accounts receivable. (*Id.*)

Until June 2012, Crown utilized a timecard system to track the hours worked by its non-exempt employees, including Plaintiff. (Defs.' Summ. J. Mem. at 2.) Such employees were expected to "punch" a timecard when they came and left work or took an unpaid break. (*Id.*) Crown permitted its non-exempt employees to take a thirty minute unpaid lunch break each day; however, if used, the employee was required to reflect this break period on his timecard. (*Id.*) If an employee forgot to punch out for an unpaid break, he was expected to report the time spent on break so it could be deducted from his hours. (*Id.*)

Beginning in April 2011, Plaintiff also assumed certain payroll responsibilities. (Defs.' Summ. J. Mem. at 2.) Her duties included collecting information on the hours worked by each non-exempt employee and inputting that information into a spreadsheet. (*Id.* at 3.) Plaintiff would also enter her own hours, including any unpaid lunch breaks. (*Id.*) Once completed, Plaintiff would forward the spreadsheet to her manager, Defendant Timothy Setzer ("Setzer"). (*Id.*) The hours reported by Plaintiff would then be used to determine the weekly

2

pay for all non-exempt employees, including Plaintiff. (*Id.*) If the spreadsheet indicated that an employee did not take an unpaid break on any particular day, his hours were not deducted. (*Id.*) This arrangement continued until June 2012 when Crown switched to a hand scan system. (*Id.* at 4.)

On August 22, 2013, Plaintiff filed the instant action under the Fair Labor Standards Act ("FLSA"), alleging that she is entitled to unpaid straight time and overtime wages. (Compl. [Dkt. 1] at 1.) The crux of Plaintiff's claim is that Defendants improperly deducted unpaid lunch breaks that she did not take. (*Id.* at 3.) According to Plaintiff, "she consistently worked through her ½ hour lunch period, but Defendants did not pay her at either her straight or overtime rate for any of these ½ hour periods amounting to 2 ½ hours per week, and altered Plaintiffs time records to remove these recorded hours." (*Id.*) Plaintiff further charges that "Defendants deliberately and intentionally altered [the] record of her hours worked so that the hours reported to the company preparing payroll for Defendants did not reflect overtime hours worked by her." (*Id.*) Plaintiff requests, among other relief, back pay and a declaratory judgment that Defendants violated the FLSA. (*Id.* at 5.)

Defendants have now moved for summary judgment. (Defs.' Mot. for Summ. J. at 1.) Defendants do not dispute that

3

Plaintiff was entitled to overtime and straight time pay while employed at Crown; however, they do challenge Plaintiff's claim that she was not paid in accordance with the FLSA. (Defs.' Summ. J. Mem. at 1, 6-11.) Defendants have included evidence, in the form of affidavits and payroll records, showing that Plaintiff was paid based upon the spreadsheet that she prepared. (*Id.* at 6-8.) According to Defendants, they "were entitled to rely on payroll information prepared and submitted by Plaintiff, which she admits was accurate, in paying her." (*Id.* at 7.) Defendants further argue that they "did not alter the pay records Plaintiff reported, or deduct any unpaid breaks that she did not report she had taken." (Defs.' Mot. for Summ. J. at 1.)

Plaintiff failed to file a timely response, and therefore Defendants' Motion for Summary Judgment stands uncontested. (*See* Mem. Op. at 6-9, Feb. 26, 2014.)

## II. Standard of Review

Summary judgment is appropriate only if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party always bears the initial burden of "informing the district court of the basis for its motion," and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact."

4

*Celotex,* 477 U.S. at 323. "A material fact is one 'that might affect the outcome of the suit under the governing law.' A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Spriggs v. Diamond Auto Glass,* 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

Once the movant has met the initial burden, "the non-moving party 'may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.'" *Hughes v. Bedsole,* 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Anderson,* 477 U.S. at 256). This is particularly important where the opposing party bears the burden of proof. *Hughes,* 48 F.3d at 1381. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson,* 477 U.S. at 249-50. The mere existence of a scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-moving party. *Id.* at 252. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the opposing party is entitled to a verdict.

In reviewing the record on summary judgment, the Court "must draw any inferences in the light most favorable to the

non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant."  *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).  "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson,* 477 U.S. at 249.

When a motion for summary judgment is unopposed, as is the case here, "the moving party must still show that the uncontroverted facts entitled the party to 'a judgment as a matter of law.'"  *Custer v. Pan Am. Life Ins. Co.,* 12 F.3d 410, 416 (4th Cir. 1993).

### III. Analysis

"[T]he FLSA has been termed the 'minimum wage/maximum hour law.'"  *Monahan v. Cnty. of Chesterfield,* 95 F.3d 1263, 1266 (4th Cir. 1996) (citation omitted).  "The FLSA is clearly structured to provide workers with specific minimum protections against excessive work hours and substandard wages."  *Id.* at 1267 (citation omitted).  Section 206 of the FLSA establishes the minimum wage requirements, and Section 207 governs overtime.  *See* 29 U.S.C. §§ 206–207.  Generally speaking, employers must pay one and one-half times the employee's regular rate for each hour worked beyond forty hours.  *See* 29 U.S.C. § 207(a)(1).

6

To sustain a claim for unpaid overtime pursuant to 29 U.S.C. § 207, such as that asserted here, "a plaintiff must [show] (1) that he worked overtime hours without compensation; and (2) that the employer knew or should have known that he worked overtime but failed to compensate him for it." *Hawkins v. Proctor Auto Serv. Ctr., LLC,* No. RWT 09cv1908, 2010 WL 1346416, at *1 (D. Md. Mar. 30, 2010) (citing *Davis v. Food Lion,* 792 F.2d 1274, 1276 (4th Cir. 1986)). A plaintiff can also recover outstanding straight time compensation for weeks in which he or she worked overtime. *See Barvinchak v. Indiana Reg'l Med. Ctr.*, No. 3:2006-69, 2007 WL 2903911, at *5-7 (W.D. Pa. Sept. 28, 2007) (citing *Monahan,* 95 F.3d at 1273-80).

As discussed above, the gravamen of Plaintiff's case is that Defendants withheld overtime and straight time wages by altering her time records to reflect unpaid breaks that she did not in fact take. (*See* Compl. at 1-3.) Based upon the admitted facts and resolving all rational inferences in favor of Plaintiff as the nonmoving party, the Court finds that no genuine issue of material fact is presented as to these allegations, and Defendants are entitled to judgment as a matter of law.

It is undisputed that Plaintiff was responsible for recording her own hours on the payroll spreadsheet. (Defs.' Summ. J. Mem. at 4; Hughes-Smith Dep. [Dkt. 18-2] 43:1-17.)

Plaintiff does not contend that she worked off the clock, or that she worked any time not included in the spreadsheet. (Hughes-Smith Dep. 43:6-17.)  The sole basis for Plaintiff's claim is that Setzer manipulated the spreadsheet by inputting a "formula" that automatically deducted a thirty-minute unpaid break, whether she took it or not.  (*See* Compl. at 3; Hughes-Smith Dep. 44:1-4.)  The evidence submitted by Defendants, however, is unambiguous that no such formula was used and Plaintiff was paid for exactly the amount of time she reported. (*See* Defs.' Summ. J. Mem. at 8-10.)  Given these unrefuted facts, Plaintiff's claim is unsustainable.  *See, e.g., Gaylord v. Miami-Dade Cnty.,* 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999) ("An employer does not have knowledge of uncompensated overtime when an employee submits time sheets showing such overtime did not occur."); *Newton v. City of Henderson*, 47 F.3d 746, 748-50 (5th Cir. 1995) (affirming summary judgment ruling for the employer because the employee turned in timesheets which did not include the overtime hours and the employee did not demonstrate that the employer should have known that the he worked more hours than those claimed on the timesheets).  Plaintiff's generic allegations in her Complaint are insufficient to overcome Defendants' unchallenged evidence that no alterations to Plaintiff's reported hours occurred.  *See Ash v. United Parcel Serv., Inc.,* 800 F.2d 409, 411-12 (4th Cir. 1986) (noting

that the nonmoving party must offer more than unsupported speculation to withstand a motion for summary judgment). Accordingly, the Court concludes that Plaintiff's FLSA claim fails as a matter of law.[2]

### IV. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion for Summary Judgment.  An appropriate order will issue.[3]

|  |  |
|---|---|
| March 5, 2014 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |

---

[2] Although not specifically raised as a separate claim for relief, Plaintiff also appears to contest Crown's "rounding policy." (*See* Defs.' Summ. J. Mem. at 10-11.)  Crown tracked its employees' hours in fifteen minute intervals. (*Id.*)  Employee time from one to seven minutes was rounded down, while employee time from eight to fourteen minutes was rounded up. (*Id.*)  Despite Plaintiff's apparent objection, this approach is permissible under the FLSA. *See Contini v. United Trophy Mfg., Inc.,* No. 6:06-cv-432-Orl-18UAM, 2007 WL 1696030, at *3 (M.D. Fla. June 12, 2007) (granting motion for summary judgment where the defendant's practice of rounding time entries to the nearest quarter hour was lawful because it "was equally applied to all Defendant's employees, and worked both to benefit and detriment of employees (*i.e.* you could gain or lose up to 7 minutes of time)".  Thus, to the extent Plaintiff seeks to challenge this system, her claim fails as a matter of law. *See id.*

[3] It is worth noting that consideration of Plaintiff's untimely opposition, [Dkt. 25], would not alter the Court's conclusion in this matter. Plaintiff's rebuttal argument rests upon several timecards that do not reflect a lunch break and appear to contradict the corresponding timesheets sent to payroll. (Pl.'s Opp'n at 4, 6.)  This apparent discrepancy is insufficient to create a triable issue of fact in light of Plaintiff's admission that she would often deduct lunch breaks on the spreadsheet that were not reflected in her timecards. *See Anderson,* 477 U.S. at 249-50 ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." (citations omitted)).